UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Clovis Yergeau,
    Plaintiff,

v.                                                  Civil Action No. 5:09-CV-141

Vermont Department of Corrections,
Corrections Corporation of America,
Marcel Mills, Unit Manager Woods,
North Fork Correctional Facility,
Fred Figueroa, West Tennessee
Detention Facility, Jeb Beasley,
    Defendants.

## REPORT AND RECOMMENDATION
(Docs. 12, 14, 20 and 22)

*Pro se* plaintiff Clovis Yergeau brings this action claiming that his civil rights were violated when, as a non-violent offender, he was incarcerated in the same prison unit as violent offenders. The defendants have moved to dismiss the complaint, arguing that Yergeau's release from prison renders his claim moot, that he has failed to demonstrate any past or likely injury, and that he has abandoned his claim by failing to keep the Court informed of his current address. For the reasons set forth below, I recommend that the motions to dismiss be GRANTED and that this case be DISMISSED.

## Factual Background

When he filed his complaint, Yergeau was an inmate in the custody and control of the Vermont Department of Corrections ("DOC"). The DOC contracts with Corrections Corporation of America to house a portion of Vermont's prison population at facilities out of state. One such facility is the West Tennessee Detention Facility ("WTDF") in

Mason, Tennessee.

Yergeau claims that while incarcerated at WTDF, he was housed with inmates serving life sentences for major felonies.  Although Yergeau does not detail his own criminal history, he describes himself as a non-violent offender.  His legal claim is that the defendants violated Tennessee and federal "civil rights" laws when they allowed him to be housed in the same unit as violent inmates. (Doc. 4 at 4.)  The complaint also suggests, by naming a separate group of defendants, that a CCA facility in Oklahoma had similar housing practices.

Yergeau filed his complaint on June 8, 2009.  The defendants report that his sentence has since expired and that he was released from custody on July 3, 2009.  (Doc. 12 at 22 n.14.)  Efforts by the Clerk of Court to contact Yergeau by mail confirm that Yergeau was no longer in Tennessee in late June 2009.  (Doc. 6.)

Yergeau does not specify a form of relief.  Instead, he asks the Court to "[o]rder any and all relief in the interest of justice."  (Doc. 4 at 6.)  Yergeau has not opposed the defendants' motions to dismiss, and has not filed anything in this case since mailing his complaint.

## Discussion

**I.   Standing**

The defendants first argue that Yergeau lacks standing to bring his claim because he is no longer incarcerated.  "[T]he irreducible constitutional minimum of standing contains three elements": (1) there must be an "injury in fact - an invasion of a legally

protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical"; (2) there must be "a causal connection between the injury and the conduct complained of"; and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (citations and internal quotation marks omitted). Yergeau cannot meet these requirements.

First, he has failed to identify any actionable constitutional injury. Specifically, he has not cited any provision of federal law that prohibits housing violent and non-violent offenders in the same prison unit. *See Burrell v. Hampshire County*, 307 F.3d 1, 10 (1st Cir. 2002) ("policy of not screening and not segregating potentially violent prisoners from non-violent prisoners is not itself a facial violation of the Eighth Amendment"); *Martin v. Tyson*, 845 F.2d 1451, 1456 (7th Cir. 1988) ("classification of inmates, whether or not desirable, is not a constitutional requirement").

To the extent that Yergeau was afraid of being assaulted or otherwise mistreated by those convicted of more serious crimes, he has failed to show any "concrete or particularized" injury. Moreover, given that he is no longer incarcerated, he cannot argue that such injury is imminent. Consequently, any claim that he might again be subjected to housing with capital offenders would be based entirely upon speculation, and Yergeau has no standing to bring such a claim.

## II. Injunctive Relief

Furthermore, "[i]t is settled in this Circuit that a transfer from a prison facility

moots an action for injunctive relief against the transferring facility." *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996); *see also Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006) ("In this circuit, an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility."). An exception exists where a claim is "capable of repetition, yet evading review," but that exception does not apply here. *Meyer v. Grant*, 486 U.S. 414, 417 (1988).

When a plaintiff seeks injunctive relief, he must show "a likelihood that he . . . will be injured in the future." *Shain v. Ellison*, 356 F.3d 211, 215 (2d Cir. 2004) (citing *Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)). The threat of injury "must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'" *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (citations omitted). As the defendants properly note, in order for Yergeau's claim to avoid a mootness challenge, he would need to show that he is likely to be convicted of another non-violent offense, and to be again sent out of state and held within more violent offenders. There is no indication in the complaint that this series of events is at all likely to occur.

### III. The PLRA

Reading the complaint extremely liberally, it is conceivable that Yergeau's prayer for "all relief in the interest of justice" includes a request for compensatory damages. Even assuming such a prayer, however, the Prison Litigation Reform Act ("PLRA") states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in

4

custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). With no claim of physical injury, a claim for compensatory relief is certainly barred.

It is not clear what form of injury Yergeau is claiming. He may be simply claiming a violation of state law which, lacking any viable federal claim as discussed above, this Court would have no power to adjudicate. He also suggests that he was concerned for his safety while housed with more violent inmates. To the extent that this concern constituted "mental or emotional injury," the lack of an accompanying physical injury would bar him from receiving compensation. *Id.* Finally, the fact that Yergeau is no longer incarcerated does not relieve him of the PLRA's requirements, since it was his status as a prisoner at the time of filing that rendered the PLRA applicable. *See, e.g., Berry v. Kerik*, 366 F.3d 85, 87 (2d Cir. 2004). Any claim for compensatory damages should, therefore, be DISMISSED.

## Conclusion

For the reasons set forth above, I recommend that the defendants' motions to dismiss (Docs. 12, 14 and 20) be GRANTED, and this case be DISMISSED. The motion by defendants Corrections Corporation of America, the North Fork Correctional Facility, Fred Figueroa and Jeb Beasley to join their co-defendants' motion to dismiss (Doc. 22) is GRANTED.

Dated at Burlington, in the District of Vermont, this 8th day of March, 2010.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge


Any party may object to this Report and Recommendation within 14 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See* Local Rules 72(a), 72(c), 73; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(d).